**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jakob Tiarnan Rumble,<br><br>Plaintiff,<br><br>v.<br><br>Fairview Health Services d/b/a Fairview Southdale Hospital, and Emergency Physicians, P.A.,<br><br>Defendants. | Case No. 14-cv-2037 (SRN/FLN)<br><br><br><br>**ORDER** |

Christy L. Hall, Jill R. Gaulding, and Lisa C. Stratton, Gender Justice, Minnesota Women's Building, 550 Rice Street, Suite 105, St. Paul, MN 55103; Katherine S. Barrett Wiik and Lindsey Wheeler Lee, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402-2015, for Plaintiff.

Jessica M. Marsh, Sara Gullickson McGrane, and Scott D. Blake, Felhaber Larson, 220 South 6th Street, Suite 2200, Minneapolis, MN 55402-4504, for Defendant Fairview Health Services d/b/a Fairview Southdale Hospital.

Chad W. Strathman, Emergency Physicians P.A., 5435 Feltl Road, Minnetonka, MN 55343; Jessica L. Roe and Shannon N.L. Cooper, Roe Law Group, PLLP, 60 South Sixth Street, Suite 2670, Minneapolis, MN 55402, for Defendant Emergency Physicians, P.A.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Plaintiff's letter request that the Court entertain motions to file amicus briefs on summary judgment in this matter, along with a proposed procedure for doing so. (Pl.'s Letter [Doc. No. 120].) Defendant Fairview Health Services ("Fairview") opposes Plaintiff's request. (Def. Fairview's Letter [Doc. No. 121].)

A hearing date is scheduled for January 13, 2017 regarding the consideration of

summary judgment and <u>Daubert</u> motions in this matter.  Plaintiff requests that the Court also entertain any motions for leave to file amicus briefs, along with a copy of the proposed brief, concerning the summary judgment motions at the January 13 hearing.  (Pl.'s Letter at 2.)  In opposition to Plaintiff's request, Fairview argues that Defendants may be disadvantaged by a lack of access to Plaintiff's medical records, as "Defendants cannot release [Plaintiff's] PHI without his permission," and "Plaintiff controls who may receive information, Plaintiff can selectively limit what information can be released, and Plaintiff can control the timing of disclosures."  (Def. Fairview's Letter at 3.)  Plaintiff, however, anticipates that potential amici "would likely address legal or more general transgender healthcare issues that would not require access to Plaintiff's medical records."  (Pl.'s Letter at 2.)  Moreover, to the extent that issues arise concerning access to medical records, Plaintiff asserts that the parties can consider individual requests for access as they arise, but that confidentiality issues should not be a barrier to permitting requests for amicus briefs generally.  (<u>Id.</u>)

   Because the parties were unable to agree about any possible submission of motions to file amicus briefing, or the procedures for doing so, they sought the Court's guidance, particularly as to the procedure for presenting the matter to the Court.  Plaintiff proposes that the Court follow the procedure set forth for the filing of appellate amicus filings in Federal Rule of Appellate Procedure 29.  (<u>Id.</u> at 2.)  Fairview argues that the factors for consideration of amicus briefing are not present here and the Court should therefore decline Plaintiff's request. (Def. Fairview's Letter at 3-4.)  Alternatively, Fairview suggests that the Court resolve the issue later, after the parties have filed their

own briefs.  (Id. at 4.)

Whether amicus briefs may be filed is a matter left to the court's discretion.  See Mausolf v. Babbitt, 158 F.R.D. 143, 148 (D. Minn.1994), rev'd on other grounds, 85 F.3d 1295 (8th Cir. 1996) ("The amicus privilege rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." (internal quotations omitted)).  Since issues of first impression are involved here, such filings may be particularly helpful.  But the Court is also mindful of concerns raised by Fairview involving access to medical information, should such issues arise. Without deciding at this time whether the Court will grant the actual motions of potential amicus curiae or consider amicus briefs, the Court nevertheless permits potential amicus curiae to seek leave to file briefing, consistent with the guidance of Federal Rule of Appellate Procedure 29.  Under this procedure, the briefing may be considered by the Court at the same time that the Court considers the parties' motions, should the Court formally grant any amicus movant permission to file its proposed briefing.

As the rule indicates, along with its motion for leave to file, the amicus movant must file its proposed amicus brief and also indicate its interest in the matter, explain why an amicus brief is desirable, and explain why the matters asserted are relevant to the disposition of the case.  See Fed. R. App. P. 29(b).  Also, following the guidance of Appellate Rule 29, except by the Court's permission, the length of any amicus briefing may be no more than one-half the maximum length authorized by this Court's Local Rules for a party's principal brief.  See Fed. R. App. P. 29(d); D. Minn. L.R. 7.1(f)(1). While Plaintiff requests that the filing deadline fall no later than 7 days after the brief of

the party being supported is filed, (Pl.'s Letter at 2), the Court instead will require that any proposed amicus brief and the motion for filing be filed consistent with the deadline of the party being supported (i.e., due on the same day that the brief of the supporting party is filed).  See D. Minn. L.R. 7.1(c).  Except by the Court's permission, amicus curiae may not file a reply brief, nor may it participate in oral argument without the permission of the Court.  See Fed. R. App. P. 29(f)-(g).  In all other respects, any movant for amicus curiae shall comply with the requirements of Appellate Rule 29, including Rule 29(c), substituting any references to certain filing requirements in the Federal Rules of Appellate Procedure concerning the form of reproduction, etc., with the corollary rules in the Local Rules of this Court.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

The Court **GRANTS, as modified**, Plaintiff's Letter Request [Doc. No. 120] concerning guidance on the procedures by which potential amicus curiae may present motions for leave to file in this matter.

Dated:  November 3, 2016              s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge