UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Jakob Tiarnan Rumble,**          Civil No. 14-CV-2037 (SRN/FLN)

    **Plaintiff,**

                                ORDER

**v.**

**Fairview Health Services, d/b/a
Fairview Southdale Hospital, and
Emergency Physicians, P.A.,**

    **Defendants**.

_____

Christy L. Hall, Jill R. Gaulding, and Lisa C. Stratton, Gender Justice, Minnesota Women's Building, 550 Rice Street, Suite 105, St. Paul, Minnesota 55103; Katherine S. Barrett Wiik and Lindsey Wheeler Lee, Robins Kaplan, LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, Minnesota 55402, for Plaintiff.

Randi J. Winter, Sara Gullickson McGrane, and Scott D. Blank, Felhaber Larson, 220 South Sixth Street, Suite 2200, Minneapolis, Minnesota 55402, for Defendant Fairview Health Services, d/b/a Fairview Southdale Hospital.

Chad W. Strathman, Emergency Physicians P.A., 5435 Feltl Road, Minnetonka, Minnesota 55343; Jessica L. Roe and Shannon N.L. Cooper, Roe Law Group, PLLP, 60 South Sixth Street, Suite 2670, Minneapolis, Minnesota 55402, for Defendant Emergency Physicians, P.A.

_____

SUSAN RICHARD NELSON, United States District Court Judge

    Before the Court are requests from Defendants Fairview Health Services ("Fairview") and Emergency Physicians, P.A. ("EPPA") to stay the instant litigation in light of a recent injunction issued in <u>Franciscan Alliance, Inc. v. Burwell</u>, No. 7:16-cv-

1

00108-O (N.D. Tex. Dec. 31, 2016), Ex. 1 to Gaulding Decl. [Doc. No. 210-1], and the decision of the United States Supreme Court to grant certiorari in <u>Gloucester Cnty. Sch. Bd. v. G.G.</u>, 137 S. Ct. 369 (2016).  (<u>See</u> Def. Fairview's Mem. [Doc. No. 208]; Def. EPPA's Mem. [Doc. No. 211].)  For the reasons set forth below, the Court stays Plaintiff's claims under Section 1557 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18116, but exercises its supplemental jurisdiction to proceed with dispositive motion practice and trial on Plaintiff's claim under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.11.

**I.     BACKGROUND**

A detailed recitation of the underlying facts of this action is found in this Court's Order of March 16, 2016 [Doc. No. 31] on Defendants' motions to dismiss, which the Court incorporates herein by reference.  In brief, in June 2013, Plaintiff Jakob Tiarnan Rumble, a transgender man, sought medical treatment from Defendants Fairview and EPPA.  (Order of 3/16/15 at 4-5.)  He alleges that in the course of his treatment, Defendants' care givers provided poor medical care and subjected him to unnecessary trauma based on his status as a transgender man.  (<u>Id.</u> at 5-9.)  Rumble filed the instant action alleging sex discrimination under the ACA's Section 1557 and sexual orientation/gender identity discrimination under the MHRA.  (Compl., Counts I & II [Doc. No. 1].)

On December 2, 2016, Fairview and EPPA filed motions for summary judgment [Doc. Nos. 139; 143].  Shortly before Defendants' reply memoranda were due, defense

counsel filed a letter with the Court, referenced above, arguing that a nationwide injunction recently issued by the United States District Court for the Northern District of Texas in Franciscan Alliance mandated the dismissal of Rumble's Section 1557 claim or the issuance of a stay of this litigation. (Def.'s Letter at 1.) The court in Franciscan Alliance, in pertinent part, enjoined the nationwide enforcement of the Department of Health and Human Services' ("HHS's") regulation under Section 1557 that prohibits discrimination on the basis of gender identity. Franciscan Alliance at 46.

In response to letters from Plaintiff's counsel and Defendants' counsel [Doc. Nos. 198-99; 203-05] regarding the effect on this litigation of Franciscan Alliance, this Court ordered the parties to file supplemental briefing addressing: (1) whether, and in what way, the Franciscan Alliance injunction is binding on this Court; (2) whether a stay is warranted in this action in light of the United States Supreme Court's grant of certiorari in Gloucester Cnty;[1] and (3) whether, if the Court were to stay Plaintiff's claim under Section 1557, this action could proceed to dispositive motion practice and trial on Plaintiff's MHRA claim. (Id.)

Defendants argue that the Court must stay Plaintiff's Section 1557 claim because the Franciscan Alliance injunction is binding on this Court because that ruling determined that the federal agency regulation, applicable nationwide, unlawfully violated the

---

[1] At issue in Gloucester County is the question of whether a school's bathroom policy violates the prohibition against sex discrimination in Title IX of the Education Amendments of 1972 ("Title IX"). See Gloucester Cnty., 822 F.3d 709, 714-15 (4th Cir. 2016), cert. granted, 137 S. Ct. 369 (2016).

Administrative Procedure Act ("APA"). (Def. Fairview's Mem. at 2-4; Def. EPPA's Mem. at 3-5.) In such circumstances, Defendants contend that a nationwide injunction is proper. (Id.) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 890 n.2 (1990) (observing that a successful challenge under the APA to a final agency action can affect the entire agency program and is not limited to individual litigants); Greater Yellowstone Coal. v. Bosworth, 209 F. Supp. 2d 156, 163 (D.D.C. 2002) ("As a general matter, an agency action that violates the APA must be set aside."); Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs, 145 F.3d 1399, 1407-10 (D.C. Cir. 1998) (invalidating an agency rule and granting nationwide relief)). They argue that a stay is additionally warranted in light of the grant of certiorari in Gloucester County, in which the Supreme Court will consider whether Title IX's prohibition against discrimination "on the basis of sex" includes discrimination based on gender identity. (Def. Fairview's Mem. at 5-8; Def. EPPA's Mem. at 5-7.) Finally, Defendants assert that if the Court stays Rumble's Section 1557 claim, his MHRA claim must likewise be stayed. (Def. Fairview's Mem. at 8-10; Def. EPPA's Mem. at 8-10.)

Rumble, however, contends that Franciscan Alliance has no impact on non-parties' Section 1557 claims and that Gloucester County does not require a stay. (Pl.'s Mem. at 3-8.) However, if the court were to impose a stay, Plaintiff requests that this Court retain supplemental jurisdiction over his MHRA claim and proceed to trial. (Id. at 10.)

## II.     DISCUSSION

As this Court has observed, the power to issue a stay of proceedings is within a court's inherent power to control the disposition of its cases "with economy of time and effort for itself, for counsel, and for litigants." BAE Sys. Land & Armaments L.P. v. Ibis Tek, LLC, 124 F. Supp. 3d 878, 889 (D. Minn. 2015) (quoting Cottrell v. Duke, 737 F.3d 1238, 1248 (8th Cir. 2013)).  While the inherent power to manage a court's docket is within the court's discretion, the party seeking a stay bears the burden of establishing the need for a stay.  Id.  Because a stay may potentially cause harm to the opposing party, "the decision to stay should weigh 'the competing interests and maintain an even balance.'"  In re Wholesale Grocery Prods. Antitrust Litig., No. 09-md-2090 (ADM/AJB), 2013 WL 6533154, at *1 (D. Minn. Dec. 13, 2013) (quoting Landis v. N. Am. Co., 299 U.S. 248, 255 (1936)).  Relevant factors to consider "include the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay."  Frable v. Synchrony Bank, No. 16-cv-559 (DWF/HB), __ F. Supp. 3d __, 2016 WL 6123248, at *2 (D. Minn. Oct. 17, 2016) (citing Edens v. Volkswagen Grp. of Am., Inc., No. 16–cv–0750 (WMW/LIB), 2016 WL 3004629, at *1-2 (D. Minn. May 24, 2016)).

Defendants argue that a stay is warranted in light of the two recent decisions in Franciscan Alliance and Gloucester County.  Resolution of this issue therefore requires an understanding of the two cases against the statutory backdrop of Section 1557.

### A.     Section 1557

Section 1557 prohibits discrimination in a health care setting on the grounds set forth in four different civil rights statutes:  Title VI, which prohibits discrimination on the basis of race, color, and national origin; Title IX, which prohibits discrimination on the basis of sex; the Age Discrimination Act, which prohibits discrimination on the basis of age; and section 504 of the Rehabilitation Act, which prohibits discrimination on the basis of disability. 42 U.S.C. § 18116.  The relevant ground at issue here is discrimination on the basis of sex under Title IX.  (See Compl. ¶¶ 2, 70-76.)

Previously, when ruling on Defendants' motions to dismiss in March 2015, this Court determined that Section 1557 protects plaintiffs who allege discrimination based on gender identity.  (Order of 3/16/15 at 20 [Doc. No. 31].)  Although HHS had yet to promulgate the final rule challenged in Franciscan Alliance, the Court relied, in part, on an opinion letter from the Director of the OCR, a sub-agency of HHS, which stated that Section 1557 extended to claims of gender identity-based discrimination.  (Id.) (citation omitted).

Subsequently, in May 2016, the HHS issued a final rule implementing Section 1557, applicable to every health program or activity receiving federal financial assistance. 45 C.F. R. § 92.3.  Among other things, the rule provides that discrimination "[o]n the basis of sex," includes "discrimination on the basis of . . . gender identity." Id. § 92.4.  It also defines "[s]ex stereotypes" to mean

> stereotypical notions of masculinity or femininity, including expectations of

>how individuals represent or communicate their gender to others, such as behavior, clothing, hairstyles, activities, voice, mannerisms, or body characteristics. These stereotypes can include the expectation that individuals will consistently identify with only one gender and that they will act in conformity with the gender-related expressions stereotypically associated with that gender. Sex stereotypes also include gendered expectations related to the appropriate roles of a certain sex.

Id. As applied to health insurance or group health plans, the provisions of the rule were scheduled to go into effect beginning on or after January 1, 2017. Id. § 92.1.

On December 31, 2016, however, the nationwide injunction issued in Franciscan Alliance, enjoining the enforcement of the portion of the HHS rule that prohibits discrimination on the basis of gender identity.[2] Franciscan Alliance at 46. As relevant here, the plaintiffs in Franciscan Alliance, several of which were private faith-based health care providers, challenged the portion of HHS's rule implementing the enforcement of Section 1557 that prohibited gender identity-based discrimination. Id. at 8-10. And, as here, the underlying Section 1557 ground at issue was sex discrimination prohibited by Title IX. Id. at 3. The court first found that no deference was due to the rule under Chevron U.S.A., Inc. v. Nat'l Resource Defense Council, Inc., 467 U.S. 837, 842 (1984), because Section 1557 unambiguously incorporated Title IX's prohibition against sex discrimination.[3] Id. at 30-31. Examining HHS's challenged regulation to

---

[2] The court also enjoined the portion of the rule that prohibited discrimination based on termination of pregnancy. Franciscan Alliance at 45. This portion of the rule is not at issue here.

[3] Under Chevron, a court reviewing an agency's construction of a statute must determine whether Congress has clearly spoken to the precise issue in question; if so, the

determine whether it was consistent with the text of Title IX, the court found that discrimination "on the basis of sex" in Title IX refers to biological sex discrimination.  Id. at 30.  Therefore, the court determined that HHS's definition of sex discrimination exceeded the Title IX grounds incorporated by Section 1557 and issued the injunction.  Id. at 35.  The court therefore issued a nationwide injunction enjoining the enforcement of the portion of the rule prohibiting discrimination based on gender identity.  Id. at 45-46.

While Plaintiff argues that the Franciscan Alliance injunction is limited to the enforcement actions of the defendant, HHS, and does not control non-parties or other district courts, (Pl.'s Mem. at 4), the language of the ruling indicates otherwise.  The court explained that because HHS's interpretation of sex discrimination caused "harm [that] is felt by healthcare providers and states across the country," the scope of the injunction was nationwide.  Franciscan Alliance at 45.  In addition, while injunctive relief is generally limited to the party or parties in a particular case, "when a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated–not that their application to the individual petitioners is prescribed."  Nat'l Mining Ass'n v.

---

administrative agency and the court must give effect to congressional intent, but if not, the court must defer to the agency's construction of the statute so long as it is permissible.  See 467 U.S. at 842-43.

In contrast to Franciscan Alliance, in this Court's ruling on Defendants' motion to dismiss, it found the language of Section 1557 ambiguous, and therefore looked to agency interpretation for guidance.  (Order of 3/16/15 at 19.)

U.S. Army Corps of Eng'rs, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (quotation omitted). But even absent the Franciscan Alliance injunction, the Supreme Court's review of Gloucester County–involving essentially the same underlying issue of whether Title IX's prohibition against sex-based discrimination includes gender identity discrimination, Gloucester Cnty., 137 S. Ct. at 369–warrants a stay of these proceedings as to Plaintiff's Section 1557 claim.

At least one other district court has stayed proceedings pending the Supreme Court's ruling in Gloucester County. In a case involving a challenge to an employer's health plan following the exclusion from coverage for an employee's "sex transformation" surgery, Robinson v. Dignity Health, No. 16-CV-3035 YGR, 2016 WL 7102832, at *2-3 (N.D. Cal. Dec. 6, 2016), the court determined that a stay awaiting the Supreme Court's resolution of Gloucester County would "serve the orderly administration of justice and simplify the issues in the litigation, given the high likelihood that the decision in Gloucester County would affect" the plaintiff's claims. Id. at *2. Specifically, Robinson's claims "would be directly affected by an interpretation of Title IX addressed to the meaning of 'on the basis of sex,' since that definition is expressly incorporated into the text of section 1557." Id. As the court observed, "unlike the cases . . . in which a sister court or administrative proceeding could have an effect, here the key question posed by this litigation is before our highest court, making its pronouncements far more significant to the outcome here." Id.; see also Dare v. Wal-Mart Stores, Inc., No. 02-cv-0001 (PAM/RLE), 2003 WL 21147657, at *2 (D. Minn. May 8, 2003) (issuing

9

a stay as to certain claims pending Supreme Court review, which "has broad implications for lower courts analyzing discrimination claims. . . .").

The Court is mindful of the importance of balancing the need for judicial clarity against the potential harm to Plaintiff caused by a delay.  Plaintiff has been litigating this matter since June 2014 and, as alleged in the Complaint, continues to experience trauma based on his alleged treatment by Defendants.  (See Compl. ¶¶ 64-66.)  However, the fundamental question of whether Title IX's prohibition against sex-based discrimination embraces gender identity is squarely before the highest court in the land.  A stay to obtain the Supreme Court's decision will simplify Plaintiff's Section 1557 claim and serve the orderly administration of justice.  Thus, while acknowledging the harm of delay to Plaintiff, the Court finds that the Court's judicial resources are best served by obtaining the Supreme Court's ruling in Gloucester County.  A stay of proceedings with respect to Rumble's Section 1557 claim is therefore granted.

  **B.**  **MHRA**

As to Rumble's claim under the MHRA, as this Court noted in its March 16, 2015 Order, the MHRA prohibits discrimination based on sexual orientation or sex.  (Order of 3/16/15 at 15; 39-40) (citing Minn. Stat. § 363A.11, subd. 1(a)(1)).  Minnesota law defines "sexual orientation" as "having or being perceived as having a self-image or identity not traditionally associated with one's biological maleness or femaleness."  Minn. Stat. § 363A.03, subd. 44.

The ACA does not supersede state laws that provide additional protections against

discrimination, so Plaintiff's MHRA claim is not superseded by Section 1557. 45 C.F.R. § 92.3(b). And although the Court has determined that Plaintiff's federal question claim is stayed, this Court possesses supplemental jurisdiction over the MHRA claim. Subject to certain limited exceptions that are inapplicable here, this Court "<u>shall</u> have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added). Rumble's MHRA claim is closely related to his Section 1557 claim, arising from the same facts and evidence. While Congress enumerated certain situations in which district courts may decline to exercise supplemental jurisdiction, including the <u>dismissal</u> of a federal cause of action, a stay of a federal claim is not listed among the exceptions. <u>See</u> 28 U.S.C. § 1367(c). Moreover, even where a federal question claim is dismissed, a court is not required to decline to exercise jurisdiction over a pendant state law claim. <u>Murray v. Wal-Mart, Inc.</u>, 874 F.2d 555, 558 (8th Cir. 1989). To the contrary, "[s]ubstantial investment of judicial time and resources, as well as other factors such as convenience, fairness, and comity, may justify the exercise of jurisdiction over the state claims after the federal claim has been dismissed from the suit." <u>Id.</u> (citations omitted).

  Defendants argue that the potential need for two trials will result in an unnecessary expenditure of judicial time and resources. However, the Court finds that the possibility of a subsequent trial on Rumble's Section 1557 claim would only expend nominally more resources. Both the Section 1557 claim and the MHRA claim are based on the same facts

and evidence. The evidence in a later trial could be streamlined and presented in such a way as to alleviate much of the inconvenience. Thus, the Court finds that Defendants' concerns about economy are outweighed by competing considerations for the just determination of cases and the hardship or inequity of delay that the party opposing the stay would be forced to bear. Proceeding on Plaintiff's MHRA claim achieves a proper balance of both parties' legitimate concerns.

In light of this ruling, the hearing on Defendants' summary judgment motion as to Plaintiff's MHRA claim will be held on February 24, 2017 at 3:00 pm. Should the motion be denied, this matter is set for trial beginning on June 19, 2017.

**THEREFORE, IT IS HEREBY ORDERED THAT**

1. Plaintiff's Section 1557 claim is **STAYED**; and

2. The Court shall exercise its supplemental jurisdiction over Plaintiff's MHRA claim.

Dated: January 30, 2017

                                              s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Court Judge